NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERDINAND REYNOLDS, | ) | No. C 10-05917 JF (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| ARTHUR F. MAJOR, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a California inmate currently incarcerated at the San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

   **1.    Claims against Defendant Dr. Major**

Plaintiff claims that on March 22, 2010, Defendant Dr. Arthur F. Major, D.D.S., made inappropriate sexual comments while doing some dental work on plaintiff at SVSP. (Compl. at 3-4.) Plaintiff claims that when Major's dental assistant pointed out his inappropriate comments, Major became startled and drilled too deep into Plaintiff's teeth, causing extensive bleeding. (Id. at 4.) Plaintiff states that Major repeatedly apologized and admitted that he made a mistake. (Id.) Major explained to Plaintiff that due to his mistake, he would have to extract the damaged tooth to avoid additional pain and possible tooth infection. (Id.) Plaintiff agreed to the treatment, and allowed Major to extract the tooth. Major also prescribed pain medication for seven days. (Id.) Six hours later, Plaintiff could feel a "sharp painful jagged edge" poking out from his gum line. (Id.) Plaintiff sent an official Request for Interview Form to Major on the same day, in which he included "strong dissatisfaction towards being sexually harassed by him earlier in the day." (Id.) Major responded three days later, on March 25, 2011, stating that Plaintiff could have an appointment the next day. (Id. at 5.) Plaintiff alleges that Major "never denied, disputed, nor refuted" Plaintiff's accusations of sexual harassment against him. Plaintiff seeks monetary damages for the sexual harassment which resulted in "gross dental malpractice," and dental implants at the expense of the California Department of

Corrections and Rehabilitation. (Id. at 3, 9.)

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. See Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing Hudson v. McMillian, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). However, mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. Austin v. Williams, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g., Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus). Here, Plaintiff claims that Major made inappropriate sexual comments during one dental appointment. See *supra* at 2. Even if the allegation is true, it fails to state a claim under the Eighth Amendment because Plaintiff has not shown that this single incident of verbal sexual harassment was egregious, pervasive and/or widespread.

Furthermore, Plaintiff also fails to state a cognizable claim with respect to the dental treatment Major provided him because a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing

1  replacement crutch, because claims did not amount to more than negligence); <u>McGuckin</u>,
2  974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without
3  more, does not violate a prisoner's 8th Amendment rights); <u>O'Loughlin v. Doe</u>, 920 F.2d
4  614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to
5  alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences
6  of neglect may constitute grounds for medical malpractice but do not rise to level of
7  unnecessary and wanton infliction of pain); <u>Anthony v. Dowdle</u>, 853 F.2d 741, 743 (9th
8  Cir. 1988) (no more than negligence stated where prison warden and work supervisor
9  failed to provide prompt and sufficient medical care).  Here, Major's alleged mistake in
10 drilling too deeply into Plaintiff's tooth, if true, may be grounds for medical malpractice
11 but not deliberate indifference to a serious medical need.  Plaintiff admits that Major
12 provided immediately relief and prescribed pain medication.  See *supra* at 2.  He also
13 admits that when he requested follow up treatment, Major responded in a timely manner
14 and scheduled an appointment within the week.  <u>Id.</u>  Based on these circumstances,
15 Plaintiff fails to state a claim upon which relief may be granted.  Accordingly, the claims
16 against Major are DISMISSED with prejudice.

17      **2.     Claims against Defendant Stepp**

18      Plaintiff claims that on March 25, 2010, he informed Nurse Allen, the B-Facility
19 Nurse on duty, about the pain in his extracted tooth site as well as the sexual comments
20 made to him by Major.  (Compl. at 6.)  Plaintiff claims that Nurse Allen then informed
21 Dr. Mack, who was the B-Facility doctor at the time, who then notified the B-Facility
22 Program Sergeant, Defendant L. Stepp, of Plaintiff's complaint of sexual harassment.
23 (<u>Id.</u>)  Plaintiff alleges that when Stepp came to interview him about the matter, he became
24 very angry towards Plaintiff and "started to raise his voice at [Plaintiff] by telling [him]
25 that he does not like inmates who 'rat' on staff, and that the only way that he was going to
26 resolve the problem was to lock [Plaintiff]... in AD-SEG."  (<u>Id.</u>)  Plaintiff claims that
27 Stepp ordered other prison guards to confiscate all of Plaintiff's personal property and to
28 lock him up in the B-Facility holding cage pending escort to ad-seg.  (Id.)  Plaintiff claims

that while in the holding cage, he because "very depressed and oppressed, as well as suicidal" such that he had to be placed in the prison infirmary under suicide watch. (Id.) Plaintiff alleges that he avoided placement in the ad-seg after speaking with the psychiatrist and reporting Stepp's wrongful actions towards him to the infirmary sergeant. (Id. at 7.) Plaintiff was released from suicide watch the next day, on March 26, 2010. (Id.) Plaintiff claims that the following day, he was called into Stepp's office where Stepp "pretend[ed] that he now wanted to listen to what [Plaintiff] had to say about being sexually harassed by Dr. Major." (Id. at 8.) Plaintiff states the he refused to speak to him and only informed Stepp that "everything is being appealed." (Id.)

Plaintiff alleges that had Stepp acted professionally in accordance with all CDCR Rules and Procedures, he would not have lost his personal property and the Office of Internal Affairs would have been notified in a timely manner regarding Plaintiff's allegations against Major. (Id.)

Plaintiff's allegations against Stepp fail to state a claim because he has failed to allege that Stepp's actions violated a right secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. at 48. Liberally construed, Plaintiff may have grounds for a retaliation claim, but the claim is premature until and unless Plaintiff can show a deprivation of his right under the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same). Accordingly,

the retaliation claim is DISMISSED WITH LEAVE TO AMEND.

With respect to the loss of personal property, Plaintiff claims that although the property was returned to him the next day, he was still missing several items and his typewriter was beaten up but still functional. (Compl. at 7.) However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, as Plaintiff alleges here. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). Accordingly, this property claim is DISMISSED to filing it in state court. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides such an adequate post-deprivation remedy)(citing Cal. Gov't Code §§ 810-895).[1]

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendant Arthur F. Major is DISMISSED from this action as all claims against him have been dismissed. The Clerk shall terminate this defendant from the docket.

2. The claims against Defendant L. Stepp are DISMISSED with leave to amend **within thirty (30) days** from the date this order is filed, to correct the deficiencies

---

[1] An inmate is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

1  discussed above.  The amended complaint must include the caption and civil case number
2  used in this order (10-05917 JF (PR)) and the words FIRST AMENDED COMPLAINT
3  on the first page.  Because an amended complaint completely replaces the previous
4  complaints, Plaintiff must include in his amended complaint all the claims he wishes to
5  present and all of the defendants he wishes to sue.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d
6  1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior
7  complaint by reference.

**Failure to file an amended complaint in the time provided will result in the dismissal without prejudice of this action without further notice to Plaintiff.**

3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/18/11

JEREMY FOGEL
United States District Judge

Order of Partial Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Reynolds05917_dwlta.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FERDINAND REYNOLDS,

        Plaintiff,

  v.

ARTHUR F. MAJOR, et al.,

        Defendants.

                         /

Case Number: CV10-05917 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  4/27/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ferdinand Reynolds D-11772
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated:  4/27/11

                                          Richard W. Wieking, Clerk